```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT SALTERS,

                    Plaintiff,         15-CV-6040

           v.                          DECISION
                                       and ORDER
HEWITT-YOUNG ELECTRIC, LLC,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Robert Salters ("plaintiff") commenced this action against Hewitt-Young Electric, LLC ("defendant" or "Hewitt-Young"), seeking damages for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to e-17 ("Title VII"), and Article 15 of the New York State Executive Law, Human Rights Law § 290 et seq. ("NYSHRL"). Specifically, plaintiff, who is African American, claims that he was subjected to race discrimination by defendant's failure to hire him based on his race, leading to plaintiff's termination by defendant's subcontractor and a continued refusal to employ him.

Defendant moves for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that plaintiff has failed to allege facts sufficient to establish a plausible inference of race discrimination. Plaintiff responds that

the complaint sufficiently states a causal connection between the failure to hire and his race.

For the reasons set forth below, defendant's motion to dismiss the complaint is denied.

## **BACKGROUND**

Unless otherwise noted, the following facts are taken from plaintiff's complaint, including documents and attachments incorporated by reference.  Plaintiff, an African American master electrician, was previously hired by defendant, through plaintiff's union, for a three-month project beginning on July 7, 2013 and concluding on September 27, 2013 and a shorter job from October 1, 2013 to October 3, 2013.  In December 2013, plaintiff was again referred to defendant by his union, the International Brotherhood of Electrical Workers, Local Union #86 ("Local #86").  On December 6, 2013, plaintiff arrived for work at defendant's offices.  As he was waiting in the lobby, Gregory Young, president of Hewitt-Young, walked into the room, looked at plaintiff, and said: "No, no, this is not going to work out." Complaint, ¶ 14.  At this point, "Young approached [plaintiff], told him that he had to go, and pushed him out the front door." Complaint, ¶ 14.  When plaintiff subsequently contacted Local #86 to give an account of the incident, the dispatcher informed him that Young had called and reported that plaintiff had been intoxicated when he arrived to work.  In his complaint, plaintiff alleges that, "in his 20-plus years of work for

Local #86, Salters had never been sent home from a job, nor had a contractor rejected him for a referral, for being under the influence." Complaint, ¶ 17.

Plaintiff subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 26, 2014, in which he alleged race and color discrimination by defendant.

## DISCUSSION

### I. Standard of Review Under Rule 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Whether a complaint states a plausible claim for relief is context specific and such a determination "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The pleadings must "permit the court to infer more than the mere

possibility of misconduct" *Id*.  Under the above plausibility standard, the Court assumes the veracity of well-pleaded factual allegations and draws all reasonable inferences from such allegations in the plaintiff's favor. *See id*. at 679.

**II. Plaintiff's prima facie case**.

Title VII forbids an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  In order to make out a prima facie case of discriminatory failure to hire, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position for which he applied; (3) he was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination." *Coger v. Connecticut Dep't of Pub. Safety*, 143 F.App'x 372, 374 (2d Cir.2005).

Plaintiff alleges that the complaint sufficiently states a causal connection between his race and Mr. Young's immediate reaction based on seeing him ten feet away in the lobby and rejecting plaintiff for employment, stating "No, no, this is not going to work out." Plaintiff's memorandum of law, p. 4.  Defendant argues, however, that the nondiscriminatory reason for rejecting plaintiff from the job was his intoxication. Defendant's memorandum of law, p. 6.  The prima facie case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green* (411 U.S. 792, 802 [1973]), however,

"'is an evidentiary standard, not a pleading requirement.'" *Vlad-Berindan v. MTA New York City Transit*, 2014 WL 6982929, at *8 (S.D.N.Y.2014), quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-511(2002).

The Court finds that, at this early stage of the proceedings, plaintiff has satisfied the pleading standard of asserting an employment discrimination claim that is "facially plausible and" gives "fair notice to defendant of the basis for the claim." *Id.* (internal quotation marks omitted). It is clear, on the face of the complaint, that plaintiff has alleged facts sufficient for the Court to infer all four elements of the prima facie case required under Title VII. It is undisputed that plaintiff belongs to a protected class, that he was qualified for the position in question, and that he was denied the job. In support of his allegation of race discrimination, plaintiff contends that Mr. Young, whom plaintiff had never met, rejected plaintiff from the job immediately upon seeing him and without any prior interaction with plaintiff. Based on these specific factual allegations, plaintiff has stated a facially plausible claim that Mr. Young's rejection occurred under circumstances giving rise to an inference of discrimination. Accordingly, this Court finds that defendant's motion to dismiss plaintiff's complaint for failure to allege a plausible inference of race discrimination must be denied.

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                     s/Michael A. Telesca
                                                        MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
              August 11, 2015