```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT SALTERS,

                          Plaintiff,        15-CV-6040T

             v.                             DECISION
                                            and ORDER
HEWITT-YOUNG ELECTRIC, LLC
AND JOHN A. GREENE d/b/a
UNIFIED ELECTRIC,

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Robert Salters ("plaintiff") commenced this action against Hewitt-Young Electric, LLC ("Hewitt-Young"), seeking damages for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to e-17 ("Title VII"), and Article 15 of the New York State Executive Law, Human Rights Law § 290 et seq. ("NYSHRL"). Specifically, plaintiff, who is African American, claims that he was subjected to race discrimination by Hewitt-Young's failure to hire him based on his race, leading to plaintiff's termination by Hewitt-Young's subcontractor and a continued refusal to employ him.

On March 23, 2015, Hewitt-Young moved for dismissal of the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that plaintiff failed to allege facts sufficient to establish a plausible inference of race discrimination. On August 11, 2015, this Court denied Hewitt-

Young's motion to dismiss, and, on November 12, 2015, plaintiff filed a motion to amend the complaint to add causes of action for race discrimination and retaliation claims under 42 U.S.C. § 1981 against Hewitt-Young and a claim of aiding and abetting discrimination under NYSHRL § 296(6) against new defendant John A. Greene d/b/a Unified Electric ("Greene"). Plaintiff's motion to amend his complaint was granted on February 12, 2016.

## BACKGROUND

Plaintiff is an African-American master electrician who was hired by Hewitt-Young through his union, the International Brotherhood of Electrical Workers, Local Union #86 ("Local #86"), for a three-month project from July 7, 2013 to September 27, 2013 and a shorter job from October 1, 2013 to October 3, 2013. On December 6, 2013, plaintiff waited in the lobby of Hewitt-Young's offices after arriving to work on a new project. Gregory Young, president of Hewitt-Young, walked into the lobby, looked at plaintiff, and said: "'No, no, this is not going to work out.'" Amended complaint, ¶ 24. At this point, "Young approached [plaintiff], told him that he had to go, and pushed him out the front door." Amended complaint, ¶ 25. When plaintiff subsequently contacted Local #86 to give an account of the incident, the dispatcher informed him that Young had called and reported that plaintiff had been intoxicated when he arrived to work.

In the amended complaint, plaintiff alleges that, "in his 20-plus years of work for Local #86, [he] had never been sent home from a job, nor had a contractor rejected him for a referral, for being under the influence." Amended complaint, ¶ 30. On December 23, 2013, plaintiff began working on an unrelated project for United Electric, a subcontractor of Hewitt-Young. On the same day, Young and Robert Hewitt, vice president of Hewitt-Young directed Greene, owner of United Electric, to terminate plaintiff, which he did on December 27, 2013 "despite telling [plaintiff] that he liked his work." Amended complaint, ¶ 35.

Plaintiff subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 26, 2014, in which he alleged race and color discrimination by Hewitt-Young. Presently before the Court is Greene's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the claims against him are procedurally barred by plaintiff's failure to name him as a respondent in the EEOC charge and, in any event, he is not subject to EEOC proceedings; and (2) the amended complaint contains no specific, plausible allegations of discrimination against Greene.

**DISCUSSION**

I. **Standard of Review Under Rule 12(b)(6)**

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Whether a complaint states a plausible claim for relief is context specific and such a determination "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The pleadings must "permit the court to infer more than the mere possibility of misconduct" *Id.* Under the above plausibility standard, the Court assumes the veracity of well-pleaded factual allegations and draws all reasonable inferences from such allegations in the plaintiff's favor. *See id.* at 679.

## II.  **Plaintiff's claim against Mr. Greene must be dismissed.**

Greene initially contends that the claim against him is procedurally barred by plaintiff's failure to satisfy the statutory requisite of naming him as a respondent in the EEOC charge. Greene further asserts that the "identity of interest" exception to the rule barring Title VII actions against a defendant not named as a respondent in the prior EEOC charge is not applicable here. Plaintiff does not directly address the alleged procedural bar but responds that he has stated a valid aiding and abetting claim against Greene and that the Court should exercise supplemental jurisdiction over this state claim, which was brought under NYSHRL § 296(6).

The Court generally has jurisdiction over such claims against only parties named in the EEOC charge. "A complainant must file a charge against a party with the EEOC or an authorized state agency before the complainant can sue that party in federal court under Title VII." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999), (citing 42 U.S.C. § 2000e-5(f)(1) for the proposition that an aggrieved party's right to sue is limited to those named as respondent in the charge). However, "Because these charges generally are filed by parties not versed in the [these] jurisdictional and pleading requirements, we have taken a 'flexible stance'" *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)(quoting *Egelston v. State Univ. College*, 535 F.2d 752, 754-755 (2d Cir.1976)). An exception to the general rule that a party must be named in the EEOC complaint,

known as the "identity of interest" exception, allows the action to proceed against an unnamed party. The four factors in determining with an identity of interest exists are:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson v. Palma*, 931 F.2d 203, 209-210 (2d Cir. 1991).

Here, in light of Greene's role as plaintiff's direct employer, who effected his termination, there is no question that plaintiff could have named Greene in the EEOC complaint. There is also no indication that the interests of Hewitt-Young are so similar as Greene's, notwithstanding his position as subcontractor, that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include Greene in the EEOC proceedings. However, even if there was a sufficient showing under the four factors to indicate the existence of an identity of interest between Greene and Hewitt-Young, the claim against Greene is still subject to dismissal under Rule 12(b)(6).

Title VII forbids an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Discrimination claims brought under the NYSHRL are analytically identical to claims brought under Title VII and "evaluated identically" to Title VII claims. *Maher v. All. Mortgage Banking Corp.*, 650 F. Supp. 2d 249, 259 (E.D.N.Y. 2009). Here, plaintiff correctly notes that Greene cannot be insulated from aiding and betting discriminatory conduct merely because he was "following orders" from Hewitt-Young. "[A] co-worker who participates in conduct giving rise to discrimination can be held liable under § 296, 'even though that co-worker lacked the authority to either hire or fire the plaintiff.'" *Gallo v. Wonderly Co.*, 2014 WL 36628, at *8 (N.D.N.Y. 2014)(quoting *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004)). This includes an individual who takes "no action to remedy discriminatory behavior that [he] was aware of or terminated a plaintiff on the basis of impermissible factors." *Id*. However, there is no allegation in plaintiff's amended complaint that Greene was put on notice of any discriminatory conduct by Hewitt-Young or that he terminated plaintiff on an impermissible basis.

The Court finds that, even at this early stage of the proceedings, plaintiff has not satisfied the pleading standard of asserting an employment discrimination claim against Greene that is "facially plausible and gives fair notice to defendant of the basis for the claim." *Vlad-Berindan v. MTA New York City Transit*, 2014 WL 6982929, at *8 (S.D.N.Y.2014) (internal quotation marks omitted). In

his amended complaint, plaintiff specifically notes that the "only reason given for [his] termination by Greene was that [Greene] was doing it at the direction of [Hewitt-Young]." Amended complaint, ¶ 64. There is no allegation that Greene was aware of any discriminatory reason for terminating plaintiff when he acquiesced to Young's request. *See Miotto v. Yonkers Pub. Sch.,* 534 F. Supp. 2d 422, 429 (S.D.N.Y. 2008) ("To resist a motion to dismiss, the complaint must allege that the employer had knowledge or acquiesced in the discriminatory conduct of a supervisor or co-worker.")(quoting *Hart v. Sullivan*, 84 A.D.2d 865, (N.Y.App.Div. 1981))).

Accordingly, this Court finds that Greene's motion to dismiss plaintiff's claim against him for failure to allege a plausible inference of aiding and abetting race discrimination must be granted.

## **CONCLUSION**

For the reasons set forth above, defendant John A. Greene's motion to dismiss plaintiff's claim against him in the amended complaint (Docket No. 28) is granted and this claim is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                          United States District Judge

Dated:    Rochester, New York
           August 1, 2016